**CAVALIER CORPORATION, Appellant,**

v.

**STORE ENTERPRISES, INC., Appellee.**

**No. 05–87–01013–CV.**

Court of Appeals of Texas, Dallas.

Dec. 1, 1987.

Rehearing Denied Jan. 15, 1988.

James L. Schutza, James P. Walker, Jr., Dallas, for appellant.

John T. Helm, Dennis D. Gibson, A.L. Palagonia, Gregory N. Woods, Dallas, for appellee.

Before ENOCH, C.J., and BAKER and McCRAW, JJ.

ENOCH, Chief Justice.

Appellee Store Enterprises, Inc. ("Store Enterprises") moves to dismiss this appeal because appellant Cavalier Corporation ("Cavalier") did not timely file a cost bond. For the reasons given below, we grant Store Enterprises' motion and dismiss this appeal.

Cavalier brought suit as "Cavalier Corporation, d/b/a Graff Vending Company."

On June 15, 1987, the trial court rendered judgment stating merely that "Graff Vending Company" take nothing on its claims; the judgment did not use the name of Cavalier itself. Within 30 days of the judgment, on July 13, Cavalier filed a motion to correct final judgment. The motion urged *only* that the judgment be corrected to recite that "Cavalier Corporation, d/b/a Graff Vending Company," was the appropriate party in the action. On September 14 (the ninety-first day after judgment, but September 13 was a Sunday), Cavalier filed its cost bond in an attempt to appeal the June 15 judgment. On September 15, the trial court entered an order, reciting that it was an order *nunc pro tunc* and reflecting that "Cavalier Corporation, d/b/a Graff Vending Company," should be substituted for "Graff Vending Company" in the original judgment of June 15.

No one disputes that "Graff Vending Company" is an assumed name of Cavalier; accordingly, the trial court's order of September 15 is properly a *nunc pro tunc* order. *Northwest Sign Co. v. Jack H. Brown & Co., Inc.,* 680 S.W.2d 808, 809 (Tex.1984), *cert. denied,* 471 U.S. 1113, 105 S.Ct. 2353, 86 L.Ed.2d 255 (1985); *see also* TEX.R.CIV.P. 28 (party may be sued under assumed name); TEX.R.CIV.P. 317 (misrecital of party's name to be corrected by judgment *nunc pro tunc*).

In its response to Store Enterprises' motion to dismiss, Cavalier first argues that the trial court's entry of its September 15 order correcting the earlier final judgment restarted the appellate timetable. Therefore, Cavalier contends that the filing of its appeal bond on September 14, although premature, was timely in so far as the jurisdiction of this Court is concerned. *Ragsdale v. Progressive Voters League,* 730 S.W.2d 176, 177–78 (Tex.App.—Dallas 1987, no writ). For support of its proposition, Cavalier cites Texas Rule of Civil Procedure 329b(h). This rule states:

> If a *judgment* is ... corrected ... in any respect, the time for appeal shall run from the time the ... corrected ... judgment is signed, but if a correction is made pursuant to Rules 316 or 317 *after*

expiration of the period of plenary power provided by this rule, no complaint shall be heard on appeal that could have been presented in an appeal from the original judgment.

(emphasis added). We have held that a judgment which is corrected *in any respect* starts the time for appeal rerunning so long as the correction is *within* the time period of the plenary power of the court. *Miller v. Hernandez,* 708 S.W.2d 25, 26 (Tex.App.—Dallas 1986, no writ). TEX.R. CIV.P. 329b(h).

■ As to this argument, we must look to see if the judgment was corrected within the time of the court's plenary jurisdiction. The *corrected* judgment was not signed until September 15, more than 30 days after the original June 15 judgment. The corrected judgment was thus entered outside the time of the trial court's plenary jurisdiction (in the absence of a motion for new trial). Therefore, the appellate timetable ran from the June 15 order.

Cavalier alternatively argues, however, that its July 13 motion to correct final judgment was a motion that operated, under Texas Rule of Civil Procedure 329b(g), to extend the time to file a cost bond to *90* days. In that event, Cavalier urges, the appeal was timely filed within the 90-day period after the original June 15 judgment.

■ The precise question presented here is whether a motion for a *nunc pro tunc* (non-substantive) correction, filed within the time for filing a motion for new trial, operates to extend the appellate timetable under rule 329b(g). We hold that it does not.

Rule 329b(g) states in pertinent part:

A motion to modify, correct, or reform a judgment *(as distinguished from motion to correct the record of a judgment under Rules 316 and 317)* ... shall be filed and determined within the time prescribed by this rule for a motion for new trial and shall extend ... the time for perfecting an appeal in the same manner as a motion for new trial.

(emphasis added). Rule 329b(g) applies to post-judgment motions seeking *substantive*

corrections in a judgment. *Brazos Electric Power Cooperative, Inc., v. Callejo,* 734 S.W.2d 126, 128 (Tex.App.—Dallas 1987, no writ). This rule expressly distinguishes between those motions, on the one hand, to correct a judgment in some substantive way, and those motions, on the other hand, to correct the record of a judgment, *i.e.,* motions for judgments *nunc pro tunc.* The former extend the time for filing appeal to 90 days after the judgment. The latter do *not* extend the time for filing appeal beyond 30 days.

A post-judgment motion seeking a change in the judgment as entered must come either under rules 316 and 317 or under rule 329b. Rule 329b makes its operation mutually exclusive of the operation of rules 316 and 317. Therefore, if Cavalier's motion seeks a correction, in any respect, of the trial court's judgment, rule 329b(g) applies if, and only if, the correction sought is more than a change in the record to reflect accurately the judgment rendered. Since Cavalier sought to correct the judgment only to insert its true name, along with its assumed name, the change sought was merely to amend the *record* to reflect that the trial court had rendered judgment, on June 15, that *Cavalier* take nothing on its claims. We conclude that Cavalier's July 13 motion to correct final judgment did not trigger the application of rule 329b(g) and, accordingly, did not extend the timetable for perfecting an appeal.

■ Cavalier had until July 15 to file its cost bond, and until July 30 to file a motion to extend the time to file its cost bond. TEX.R.APP.P. 41(a)(2). Cavalier did neither. Therefore, we have no jurisdiction over this appeal, except insofar as Cavalier might wish to complain of the insertion of its true name along with its assumed name. Rule 28 of the Texas Rules of Civil Procedure, however, would make such a complaint trivial, and Cavalier has not urged that that is, in fact, its complaint.

Therefore, the appeal is dismissed.