**DISMISS and Opinion Filed November 25, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00876-CV

### IN THE INTEREST OF S.A.W., A CHILD

**On Appeal from the 302nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-14-14410**

## MEMORANDUM OPINION
Before Chief Justice Wright and Justices Lang and Brown
Opinion by Justice Lang

This Court questioned its jurisdiction over this appeal because it appeared the notice of appeal was untimely. We instructed appellant to file a letter brief addressing our jurisdictional concern and gave appellee an opportunity to respond.

The trial court's initial order on bill of review was incorrectly dated March 22, 2015. On June 16, 2015, appellant filed a motion for judgment nunc pro tunc to correct the date signed to May 22, 2015, the actual date the judgment was signed. On July 10, 2015, the trial court signed a nunc pro tunc order on bill of review. In the nunc pro tunc order, the trial court stated that the effective date of the order is May 22, 2015. Appellant filed his notice of appeal on July 16, 2015.

In the absence of a timely filed post-judgment motion extending the appellate timetable, a notice of appeal is due thirty days after the date the judgment is signed. *See* TEX. R. APP. P. 26.1. However, only a motion seeking a substantive change will extend the appellate deadlines and the

trial court's plenary power under rule of civil procedure 329b(g). *See Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 313 (Tex. 2000), citing *Cavalier Corp. v. Store Enter., Inc.,* 742 S.W.2d 785, 786 (Tex. App.—Dallas 1987, writ denied); TEX. R. CIV. P. 329b(g). Thus, a motion for judgment nunc pro tunc does not extend the time to perfect an appeal. *See Cavalier Corp.*, 742 S.W.2d at 787. Without a timely notice of appeal, this Court lacks jurisdiction. *See* TEX. R. APP. P. 25.1(b).

In his jurisdictional brief, appellant cites to rule of civil procedure 306a(6) as support for his contention that the appellate timetable began on July 10, 2015, the date the nunc pro tunc order was signed. Rule 306a(6) provides that when a corrected judgment is signed after expiration of the trial court's plenary power pursuant to rule of civil procedure 316, the period for filing a post-judgment motion "shall run from the date of signing the corrected judgment with regard to any complaint that would not be applicable to the original document." *See* TEX. R. CIV. P. 306a(6). This rule is inapplicable to this case because both the original order and the order nunc pro tunc are identical, aside from the correction of the date in the order nunc pro tunc as requested by appellant. Thus, there is no complaint appellant could raise that would not also be applicable to original order. The nunc pro tunc order signed on July 10, 2015 corrected the date the judgment was signed to May 22, 2015. The appellate timetable began on May 22, 2015. *See Cavalier Corp.*, 742 S.W.2d at 787. Accordingly, appellant's notice of appeal was due on Monday, June 22, 2015. *See* TEX. R. APP. P. 26.1, 4.1(a). Appellant filed his notice of appeal on July 16, 2015. Because appellant failed to timely file a notice of appeal, we dismiss the appeal

for want of jurisdiction.  TEX. R. APP. P. 42.3(a).

                                    /Douglas S. Lang/
                                    DOUGLAS S. LANG
                                    JUSTICE

150876F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF S.A.W., A CHILD

No. 05-15-00876-CV

On Appeal from the 302nd Judicial District Court, Dallas County, Texas.
Trial Court Cause No. DF-14-14410.
Opinion delivered by Justice Lang.
Chief Justice Wright and Justice Brown participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellee Shelly White recover her costs of this appeal from appellant Roland Jones, Jr.

Judgment entered this 25th day of November, 2015.