

# NUMBER 13-16-00358-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**ERICELDA CHAVEZ, INDIVIDUALLY AND
AS REPRESENTATIVE OF THE ESTATE OF
RAFAEL CHAVEZ, SR., DECEASED, ET AL.,**                    **Appellants,**

**v.**

**WILLIAM R. EDWARDS, THE EDWARDS
LAW FIRM AND JO EMMA ARECHIGA,**                    **Appellees.**

---

### On appeal from the 28th District Court
### of Nueces County, Texas.

---

# MEMORANDUM OPINION

**Before Justices Garza, Perkes, and Longoria
Memorandum Opinion Per Curiam**

Appellants, Ericelda Chavez, individually and as representative of the Estate of

Rafael Chavez Sr., deceased, et al., attempted to perfect an appeal an from an order

entered by the 28th District Court of Nueces County, Texas, in cause number 2013-DCV-2831-A. We dismiss for want of jurisdiction.

Upon review of the documents before the Court, it appeared that the order from which this appeal was taken was not a final, appealable order. In terms of appellate jurisdiction, appellate courts only have jurisdiction to review final judgments and certain interlocutory orders identified by statute. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A final judgment is one that disposes of all pending parties and claims. *See id.* Although a judgment following a trial on the merits is presumed to be final, there is no such presumption of finality following a summary judgment. *See id.* at 199–200.

On July 7, 2016, the Clerk of this Court notified appellants of this defect so that steps could be taken to correct the defect, if it could be done. *See* TEX. R. APP. P. 37.1, 42.3. Appellants were advised that, if the defect was not corrected within ten days from the date of receipt of the notice, the appeal would be dismissed for want of jurisdiction. Appellants failed to respond to the Court's notice.

On July 18, 2016, appellees, William R. Edwards, The Edwards Law Firm, and Jo Emma Arechiga, filed a motion to dismiss the appeal for want of jurisdiction on grounds the appeal was untimely, or in the alternative, there is no final, appealable judgment. The trial court entered three summary judgment orders: two on March 20, 2014, and one on May 27, 2014. Pending motions for sanctions filed by appellees were not disposed of in the summary judgment orders. Appellants filed their notice of appeal on July 7, 2016. More than ten days have passed since appellees' motion to dismiss was filed and appellants have not filed a response. *See* TEX. R. APP. P. 10.3(a).

2

The Court, having considered the documents on file, is of the opinion that a final judgment was entered on May 27, 2014. *See Lane Bank Equip. Co. v. Smith Southern Equip., Inc.*, 10 S.W.3d 308, 312 (Tex. 2000). Pursuant to Texas Rule of Appellate Procedure 26.1, appellants' notice of appeal was due on June 26, 2014, but was not filed until July 7, 2016. Appellant's notice of appeal, filed more than two years after final judgment, was untimely, and accordingly, we lack jurisdiction over the appeal.

On September 21, 2016, appellees filed a second motion to dismiss asserting additional grounds for dismissal based on appellants' failure to pay filing fees. On July 28, 2016, the Clerk of this Court notified appellant, in accordance with Texas Rule of Appellate Procedure 42.3(c), that we would dismiss this appeal unless the $205.00 filing fee was paid. *See* TEX. R. APP. P. 42.3(c). Appellant has not responded to the notice from the Clerk or paid the $205.00 filing fee. *See* TEX. R. APP. P. 5, 12.1(b).

Accordingly, we GRANT appellees' motions to dismiss. The appeal is DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a),(c).

PER CURIAM

Delivered and filed the
29th day of September, 2016.