

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-17-00218-CV

**IN RE ESTATE** of Leonor V. **MUNOZ**, Deceased

From the County Court at Law No. 1, Webb County, Texas
Trial Court No. 2017-PB7000003L1
Honorable Hugo Martinez, Judge Presiding

PER CURIAM

Sitting:       Marialyn Barnard, Justice
              Luz Elena Chapa, Justice
              Irene Rios, Justice

Delivered and Filed: August 2, 2017

MOTION GRANTED; APPEAL DISMISSED AS MOOT

On March 22, 2017, the county court rendered an order admitting the last will and testament of Leonor V. Munoz, Deceased, to probate, issuing letters testamentary to Nora M. Munoz Leal (also known as Nora M. Munoz), and appointing Nora as Independent Executor of the Estate of Leonor V. Munoz, Deceased. Thereafter, on March 27, 2017, appellant, Oscar J. Munoz, filed a notice of appeal, stating he desired to appeal from the March 22, 2017 order. Subsequently, on April 6, 2017, appellee, Nora, filed a motion to vacate in the county court, requesting the county court to set aside the March 22, 2017 order. On June 9, 2017, the county court granted appellee's motion to vacate the order; thereafter, appellee filed a motion to dismiss the appeal in this court, stating because the March 22, 2017 order has been vacated, the appeal is now moot and should be dismissed.

Pursuant to Rule 329b of the Texas Rules of Civil Procedure, a party may file a motion for new trial or motion to modify, correct, or reform the judgment within 30 days after the judgment is signed. TEX. R. CIV. P. 329b(a). If such a motion is timely filed, a trial court, regardless of whether an appeal has been filed, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment until thirty days after such motion is overruled by a written or signed order or by operation of law. *Id.* R. 329b(e). Such a motion is overruled by operation of law seventy-five days after the judgment is signed if no written order on the motion is signed within that time period. *Id.* R. 329b(c). With this in mind, the Texas Supreme Court has also recognized that "a timely filed postjudgment motion that seeks a substantive change in an existing judgment qualifies as a motion to modify under Rule 329b(g), thus extending the trial court's plenary jurisdiction and the appellate timetable." *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 314 (Tex. 2000).

Here, appellee filed a motion to vacate, seeking to set aside the March 22, 2017 order, on April 6, 2017. Such a motion qualifies as a motion to modify as it seeks to substantively change the March 22, 2017 order. *See id*. The motion was also timely filed within thirty days of the March 22, 2017 order. *See* R. 329b(a). There was no ruling on the motion by June 5, 2017, seventy-five days after the March 22, 2017 order was signed. *See* R. 329b(c). Accordingly, the county court had plenary power to grant the motion until July 5, 2017, thirty days after the date the motion was overruled by operation of law. *See* R. 329b(e). As indicated above, the county court, being within its plenary power, signed an order granting the motion to vacate the March 22, 2017 order on June 9, 2017. *See id*.

Because the order upon which the notice of appeal is based has been set aside, we agree with appellee that the appeal is moot. *See Trulock v. City of Duncanville*, 277 S.W.3d 920, 923 (Tex. App.—Dallas 2009, no pet.) (stating a matter is moot if at any stage of the proceeding there

ceases to be an actual controversy between the parties). We therefore grant appellee's motion and dismiss the appeal as moot.

PER CURIAM