**DISMISS and Opinion Filed February 4, 2020**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00914-CV

**GBENGA FUNMILAYO, Appellant**
**V.**
**VELANDERA ENERGY PARTNERS LLC, Appellee**

**On Appeal from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 401-03623-2018**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Molberg, and Justice Nowell
Opinion by Chief Justice Burns

The Court questioned its jurisdiction over this appeal because it appeared the notice of appeal was untimely. The parties filed letter briefs addressing our concern.

When a party files a timely post-judgment motion extending the appellate timetable, a notice of appeal is due ninety days after the date the judgment is signed. *See* TEX. R. APP. P. 26.1(a). A judgment nunc pro tunc entered after a trial court's plenary jurisdiction has expired does not extend the time for perfecting an appeal. *See Cavalier Corp. v. Store Enterprises, Inc.*, 742 S.W.2d 785, 787 (Tex. App.—Dallas 1987, writ denied).

The trial court's judgment was signed on January 18, 2019 but was mistakenly dated January 18, 201*8*. Appellant filed a timely motion to modify the judgment. Accordingly, the notice of appeal was due on April 18, 2019. *See* TEX. R. APP. P. 26.1(a). On July 24, 2019, after

the trial court's plenary power had expired, appellee filed a motion for judgment nunc pro tunc to correct the date the judgment was signed to January 18, *2019* and to add Exhibit A (Award of Arbitrator) that was referenced in the judgment but inadvertently omitted. The trial court signed a judgment nunc pro tunc on August 2, 2019 to correct the date the judgment was signed to January 18, 201**9** and to include Exhibit A as an attachment.

In his letter brief, appellant asserts this Court has jurisdiction over this appeal for two reasons. First, he states this appeal is timely because he filed it the same day that the judgment nunc pro tunc was signed. As noted above, this assertion is incorrect because the judgment nunc pro tunc was signed after the trial court's plenary power had expired. *See Cavalier Corp.*, 742 S.W.2d at 787.

Second, appellant asserts the judgment nunc pro tunc "attached as evidence, a version of an arbitration award, whose contents are different from the contents of the original judgment." He states the attachment of the exhibit is the basis for the appeal. With the exception of the date and the attached exhibit, the contents of the original judgment and the judgment nunc pro tunc are identical. The attachment of the exhibit to the judgment nunc pro tunc that was referenced but inadvertently omitted from the original judgment merely corrected a clerical error. *See Operation Rescue-National v. Planned Parenthood of Houston & Southeast Texas, Inc.*, 937 S.W.2d 60, 87 (Tex. App.—Houston [14th Dist.] 1996), *aff'd as modified*, 975 S.W.2d 546 (Tex. 1998) (failure to attach an exhibit to the judgment is a clerical error, not a judicial error). Appellant should have raised his complaint about any differences between the judgment awarded and the arbitration award with respect to the original judgment.[1]

---

[1] A side-by-side comparison of the copy of the arbitration award attached to Plaintiff's Motion to Confirm Arbitration Award and the copy of the arbitration award attached as Exhibit A to the judgment nunc pro tunc show that they are identical.

Appellant failed to file a timely notice of appeal from the trial court's January 18, 2019 judgment. Accordingly, we dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

/Robert D. Burns, III/

ROBERT D. BURNS, III
CHIEF JUSTICE

190914F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

GBENGA FUNMILAYO, Appellant

No. 05-19-00914-CV    V.

VELANDERA ENERGY PARTNERS
LLC, Appellee

On Appeal from the 401st Judicial District
Court, Collin County, Texas
Trial Court Cause No. 401-03623-2018.
Opinion delivered by Chief Justice Burns.
Justices Molberg and Nowell participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellee VELANDERA ENERGY PARTNERS LLC recover its costs of this appeal from appellant GBENGA FUNMILAYO.

Judgment entered February 4, 2020