NUMBER 13-11-00531-CV

 

                                 COURT
OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG


____________________________________________________________

 

IRENE HERRERA,                                                                        Appellant,

 

                                                             v.

 

RENE A. ANZALDUA,
INDIVIDUALLY AND

D/B/A ANZALDUA BAIL
BONDS, A-QUICK BAIL BONDS,

A-QUICK INVESTIGATIVE
SERVICES, AND

ANZALDUA INVESTMENTS,
INC.                                                Appellee.

____________________________________________________________

 

                           On
appeal from the 206th District Court 

                                       of
Hidalgo County, Texas.

____________________________________________________________

 

                               MEMORANDUM
OPINION

 

Before Justices Benavides, Vela, and
Perkes

Memorandum Opinion
Per Curiam

 

Appellant,
Irene Herrera, attempted to perfect an appeal from a judgment entered by the 206th
District Court of Hidalgo County, Texas, in cause number C-2253-08-D.  We
dismiss the appeal for want of jurisdiction.

I. 
Background

The
trial court entered a final judgment in this cause on December 3, 2010. 
Appellant filed a “Motion for Judgment Non Obstante the Verdict” on December
21, 2010.  Appellant subsequently filed a motion for new trial on March 17,
2011.  Appellant filed her notice of appeal on August 12, 2011.  

On
August 15, 2011, the Clerk of this Court notified appellant that it appeared
that her notice of appeal was not timely perfected.  Appellant was advised
that, if the defect was not corrected within ten days from the date of receipt
of this Court’s letter, the appeal would be dismissed.  Appellant’s counsel has
filed a response stating “in cases in which a motion for new trial, to modify,
correct, reform or change in any way a final judgment is filed, like in this cause,
Tex. R. Civ. P. 329b(e) (‘TRCP’) extends the deadlines 30 days after the
overruling of all such motions, for a total of 105 days per motion when
overruled by operation of law, like in this case.”

II.  Analysis

Appellate
deadlines begin on the date that the trial court signs the judgment or other
appealable order.  See Tex. R.
App. P. 26.1(a)–(c); Farmer v. Ben E. Keith Co., 907 S.W.2d 495,
496 (Tex. 1995).  Texas Rule of Appellate Procedure 26.1 provides that an
appeal is perfected when notice of appeal is filed within thirty days after the
judgment is signed, unless a motion for new trial or other specified post-judgment
motion is timely filed.  Tex. R. App. P.
26.1(a)(1).  If a motion for new trial or other specified post-judgment motion
is timely filed, the notice of appeal is due within ninety days after the
judgment is signed.  See id. R. 26.1(a)(1)–(4).  

A
motion for judgment notwithstanding the verdict is a post-judgment motion that
extends the appellate deadlines if timely filed.  See Tex. R. Civ. P. 392b(g) (stating that
motions to modify, correct, or reform a judgment extend the trial court’s
plenary power); Lane Bank Equip. Co. v. Smith S. Equip., Inc., 10 S.W.3d
308, 310 (Tex. 2000) (holding that any post-judgment motion, no matter what it
is called, will extend plenary power if it seeks a substantive change in the
judgment and is filed within the time limits for a motion for new trial); Kirschberg
v. Lowe, 974 S.W.2d 844, 847–78 (Tex. App.—San Antonio 1998, no pet.)
(holding that a motion for judgment notwithstanding the verdict extends the
appellate time lines).  A motion that extends the appellate deadlines must be
filed within thirty days after the judgment or other order complained of is
signed.  Tex. R. Civ. P. 329b(a)
(providing a thirty day deadline to file a motion for new trial); Padilla v.
LaFrance, 907 S.W.2d 454, 458 (Tex. 1995); see In re Brookshire Grocery
Co., 250 S.W.3d 66, 69-70 (Tex. 2008) (orig. proceeding) (holding that an amended
or supplemental motion for new trial is timely, and may be filed without leave
of court, if it is filed within thirty days of the judgment and the trial court
has not overruled the earlier motion for new trial).  

In
the instant case, the judgment below was signed on December 3, 2010.  Appellant’s
deadline for filing a post-judgment motion that would extend the appellate
deadlines was thirty days after the judgment was signed, or January 3, 2011.  Appellant’s
“Motion for Judgment Non Obstante the Verdict” was timely filed and operated to
extend the appellate deadlines.  Therefore, the notice of appeal should have
been filed within ninety days after the judgment was signed, or on or before
March 3, 2011.  See Tex. R. App.
P. 26.1(a).  Nevertheless, appellant’s notice of appeal was not filed
until August 12, 2011.  

Appellant
contends, citing Texas Rule of Civil Procedure 329b(e) and (g), that the
deadline to file her notice of appeal was extended for 105 days per motion for her
motion for judgment notwithstanding the verdict and her motion for new trial,
and thus, she contends that her notice of appeal was timely.  In connection
with this argument, we note that the trial court retains jurisdiction over a
case for a minimum of thirty days after a final judgment, during which time the
court has plenary power to change its judgment.  See Tex. R. Civ. P. 329b (d); Lane Bank
Equip. Co., 10 S.W.3d at 310.  Certain post-judgment motions, if filed
within this initial thirty day period, extend the trial court's plenary power
for up to an additional seventy-five days.  See Tex. R. Civ. P. 329b (c), (e) & (g).  When a motion for
new trial is timely filed, the trial court has plenary power to vacate, modify,
correct, or reform the judgment until thirty days after the motion is
overruled, either by a written order or by operation of law, whichever comes
first.  Tex. R. Civ. P. 329b (e);
Moritz v. Preiss, 121 S.W.3d 715, 720 (Tex. 2003).  In either event, the
court's plenary power may not be extended more than 105 days after the judgment
was signed.  Lane Bank Equip. Co., 10 S.W.3d at 310.

Appellant’s
argument conflates the plenary period of the trial court and the deadline to
file a notice of appeal.  Compare Tex.
R. App. P. 26.1, with Tex.
R. Civ. P. 329b(a),(b)(g).  Moreover, to the extent that it appears that
appellant contends that her motion for new trial extended the deadline to file
her notice of appeal, her motion for new trial was late and did not extend her
deadline for filing the notice of appeal.  See Tex. R. App. P. 26.1. 

III. 
Conclusion

Absent
a timely filed notice of appeal from a final judgment or recognized
interlocutory order, we do not have jurisdiction over the appeal.  See
Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001); see Tex. R. App. P. 2, 25.1(b), 26.3; Verburgt v.
Dorner, 959 S.W.2d 615, 617 (Tex. 1997).  The Court, having examined and
fully considered the documents on file, appellant’s response to this Court’s
notice, and appellant’s failure to timely perfect her appeal, is of the opinion
that the appeal should be dismissed for want of jurisdiction.  Accordingly, the
appeal is hereby DISMISSED FOR WANT OF JURISDICTION.  See Tex. R. App. P. 42.3(a).

 

                                                                        PER
CURIAM

Delivered and filed the

30th day of August,
2011.