

# NUMBER 13-11-00531-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

IRENE HERRERA,                                                      **Appellant,**

**v.**

RENE A. ANZALDUA, INDIVIDUALLY AND
D/B/A ANZALDUA BAIL BONDS, A-QUICK BAIL BONDS,
A-QUICK INVESTIGATIVE SERVICES, AND
ANZALDUA INVESTMENTS, INC.                                         **Appellee.**

On appeal from the 206th District Court
of Hidalgo County, Texas.

# MEMORANDUM OPINION

Before Justices Benavides, Vela, and Perkes
Memorandum Opinion Per Curiam

Appellant, Irene Herrera, attempted to perfect an appeal from a judgment entered by the 206th District Court of Hidalgo County, Texas, in cause number C-2253-08-D. We dismiss the appeal for want of jurisdiction.

## I. BACKGROUND

The trial court entered a final judgment in this cause on December 3, 2010. Appellant filed a "Motion for Judgment Non Obstante the Verdict" on December 21, 2010. Appellant subsequently filed a motion for new trial on March 17, 2011. Appellant filed her notice of appeal on August 12, 2011.

On August 15, 2011, the Clerk of this Court notified appellant that it appeared that her notice of appeal was not timely perfected. Appellant was advised that, if the defect was not corrected within ten days from the date of receipt of this Court's letter, the appeal would be dismissed. Appellant's counsel has filed a response stating "in cases in which a motion for new trial, to modify, correct, reform or change in any way a final judgment is filed, like in this cause, Tex. R. Civ. P. 329b(e) ('TRCP') extends the deadlines 30 days after the overruling of all such motions, for a total of 105 days per motion when overruled by operation of law, like in this case."

## II. ANALYSIS

Appellate deadlines begin on the date that the trial court signs the judgment or other appealable order. *See* TEX. R. APP. P. 26.1(a)–(c); *Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex. 1995). Texas Rule of Appellate Procedure 26.1 provides that an appeal is perfected when notice of appeal is filed within thirty days after the judgment is signed, unless a motion for new trial or other specified post-judgment motion is timely filed. TEX. R. APP. P.

2

26.1(a)(1). If a motion for new trial or other specified post-judgment motion is timely filed, the notice of appeal is due within ninety days after the judgment is signed. *See id.* R. 26.1(a)(1)–(4).

A motion for judgment notwithstanding the verdict is a post-judgment motion that extends the appellate deadlines if timely filed. *See* TEX. R. CIV. P. 392b(g) (stating that motions to modify, correct, or reform a judgment extend the trial court's plenary power); *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000) (holding that any post-judgment motion, no matter what it is called, will extend plenary power if it seeks a substantive change in the judgment and is filed within the time limits for a motion for new trial); *Kirschberg v. Lowe*, 974 S.W.2d 844, 847–78 (Tex. App.—San Antonio 1998, no pet.) (holding that a motion for judgment notwithstanding the verdict extends the appellate time lines). A motion that extends the appellate deadlines must be filed within thirty days after the judgment or other order complained of is signed. TEX. R. CIV. P. 329b(a) (providing a thirty day deadline to file a motion for new trial); *Padilla v. LaFrance*, 907 S.W.2d 454, 458 (Tex. 1995); *see In re Brookshire Grocery Co.*, 250 S.W.3d 66, 69-70 (Tex. 2008) (orig. proceeding) (holding that an amended or supplemental motion for new trial is timely, and may be filed without leave of court, if it is filed within thirty days of the judgment and the trial court has not overruled the earlier motion for new trial).

In the instant case, the judgment below was signed on December 3, 2010. Appellant's deadline for filing a post-judgment motion that would extend the appellate deadlines was thirty days after the judgment was signed, or January 3, 2011. Appellant's "Motion for Judgment Non Obstante the Verdict" was timely filed and operated to extend the

3

appellate deadlines. Therefore, the notice of appeal should have been filed within ninety days after the judgment was signed, or on or before March 3, 2011. *See* TEX. R. APP. P. 26.1(a). Nevertheless, appellant's notice of appeal was not filed until August 12, 2011.

Appellant contends, citing Texas Rule of Civil Procedure 329b(e) and (g), that the deadline to file her notice of appeal was extended for 105 days per motion for her motion for judgment notwithstanding the verdict and her motion for new trial, and thus, she contends that her notice of appeal was timely. In connection with this argument, we note that the trial court retains jurisdiction over a case for a minimum of thirty days after a final judgment, during which time the court has plenary power to change its judgment. *See* TEX. R. CIV. P. 329b (d); *Lane Bank Equip. Co.*, 10 S.W.3d at 310. Certain post-judgment motions, if filed within this initial thirty day period, extend the trial court's plenary power for up to an additional seventy-five days. *See* TEX. R. CIV. P. 329b (c), (e) & (g). When a motion for new trial is timely filed, the trial court has plenary power to vacate, modify, correct, or reform the judgment until thirty days after the motion is overruled, either by a written order or by operation of law, whichever comes first. TEX. R. CIV. P. 329b (e); *Moritz v. Preiss*, 121 S.W.3d 715, 720 (Tex. 2003). In either event, the court's plenary power may not be extended more than 105 days after the judgment was signed. *Lane Bank Equip. Co.*, 10 S.W.3d at 310.

Appellant's argument conflates the plenary period of the trial court and the deadline to file a notice of appeal. *Compare* TEX. R. APP. P. 26.1, *with* TEX. R. CIV. P. 329b(a),(b)(g). Moreover, to the extent that it appears that appellant contends that her motion for new trial extended the deadline to file her notice of appeal, her motion for new trial was late and did

4

not extend her deadline for filing the notice of appeal. *See* TEX. R. APP. P. 26.1.

### III. CONCLUSION

Absent a timely filed notice of appeal from a final judgment or recognized interlocutory order, we do not have jurisdiction over the appeal. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see* TEX. R. APP. P. 2, 25.1(b), 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). The Court, having examined and fully considered the documents on file, appellant's response to this Court's notice, and appellant's failure to timely perfect her appeal, is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a).


PER CURIAM

Delivered and filed the
30th day of August, 2011.

5