

# Fourth Court of Appeals
## San Antonio, Texas

June 24, 2014

No. 04-14-00354-CV

Luz **CHAVEZ**, Individually, and as Representative of the States of Rudolph Chavez,
Sr.(Deceased) and Rudolph Chavez, Jr.(Deceased), and as next friend of Joel Chavez,
Appellants

v.

**KANSAS CITY SOUTHERN RAILWAY COMPANY** and Jose Juarez,
Appellees

From the 406th Judicial District Court, Webb County, Texas
Trial Court No. 2007-CVE-000347-D4
Honorable Oscar J Hale, Jr., Judge Presiding

# O R D E R

Appellants have filed a motion to transfer the clerk's and reporter's record in Appeal No. 04-11-00697-CV, a prior appeal involving the same lawsuit, to this Appeal No. 04-14-00354-CV. We GRANT the motion and ORDER the Clerk of this Court to transfer the appellate record in Appeal No. 04-11-00697-CV to Appeal No. 04-14-00354-CV.

Appellees have filed a motion to dismiss for lack of jurisdiction, claiming appellants untimely filed their notice of appeal. According to appellees, the trial court signed final judgment on February 12, 2014. Appellees note that appellants timely filed a motion for new trial on March 6, 2014. Thus, according to appellees, appellants' notice of appeal was due to be filed on May 13, 2014, but was not filed until May 14, 2014. *See* TEX. R. APP. P. 26.1. Appellees urge us to dismiss this appeal. According to appellees, "[i]t is too late for Appellants to ask for an extension under Texas Rule of Appellate Procedure 26.3."

We first note that a motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Texas Rule of Appellate Procedure 26.1 but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (construing the predecessor to Rule 26). Thus, even if appellants filed an untimely notice of appeal, the notice of appeal was filed within the fifteen-day grace period and a motion for extension of time is implied.

Nonetheless, as pointed out by appellants in their response, the trial court modified its judgment on February 27, 2014. *See* Tex. R. Civ. P. 329b. As the trial court modified its judgment within its plenary power, appellate timetables run from the date of the modified judgment.[1] See Tex. R. Civ. P. 329b(h). And, using February 27, 2014, as the appropriate date of final judgment, appellants timely filed their notice of appeal. We therefore DENY appellees' motion to dismiss.

_____
Karen Angelini, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 24th day of June, 2014.

_____
Keith E. Hottle
Clerk of Court

---

[1] We note that although the trial court titled its judgment "Judgment Nunc Pro Tunc," it is not a judgment nunc pro tunc because it was signed within the trial court's plenary power. *See* Tex. R. Civ. P. 329b; *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 313 (Tex. 2000) (even clerical changes to the judgment made while the court has plenary power will restart the appellate timetable).