**DISMISS; Opinion Filed August 6, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00640-CV

### IN THE INTEREST OF A.K.A., A CHILD

**On Appeal from the 301st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-12-11022**

## MEMORANDUM OPINION

Before Justices Moseley, Francis, and Lang
Opinion by Justice Lang

This is an appeal from the trial court's November 7, 2012 default order establishing the parent-child relationship between Roshon Dashen Davis and A.K.A. Davis raises four issues challenging that order. However, because the trial court's order was rendered after the wrongful vacation of an earlier order adjudicating Davis as A.K.A's father, we conclude the trial court's November 7, 2012 order is void, do not address Davis's issues, and dismiss the appeal for lack of jurisdiction.

### I. BACKGROUND

A.K.A. was born in March 2002 in Dallas, where he has lived continuously. A.K.A.'s mother was married at the time of A.K.A.'s birth to a man other than Davis, but she alleged Davis was the father. The Attorney General brought suit to establish the parent-child relationship and, on October 4, 2004, the trial court rendered a default order adjudicating Davis

as A.K.A.'s father.[1]   No post-judgment motions or appeal were filed, and, in accordance with the order, Davis made periodic child support payments.

On January 15, 2010, the Attorney General filed a motion to enforce the 2004 order.  In response, Davis filed motions to vacate the 2004 order and for summary judgment, asserting the trial court lacked subject matter jurisdiction, and the order was therefore void, because no genetic testing results excluding A.K.A.'s presumed father and mother's then-husband were admitted into evidence at that time as required by section 160.631(b) of the Texas Family Code.  *See* TEX. FAM. CODE ANN. §160.631(b) (West 2014) ("The paternity of a child having a presumed, acknowledged, or adjudicated father may be disproved only by admissible results of genetic testing excluding that man as the father of the child or identifying another man as the father of the child."); *see also id.* §160.204(a)(1) ("A man is presumed to be the father of a child if . . . he is married to the mother of the child and the child is born during the marriage[.]"). The trial court granted Davis's motion on July 30, 2010 and vacated the 2004 order "for lack of subject matter jurisdiction."

The following year, on August 26, 2011, the trial court rendered another default order establishing the parent-child relationship between Davis and A.K.A.  That order was superseded by a nunc pro tunc order rendered November 30, 2011.  Davis challenged that order also, asserting it was void because he was not served with a new petition and had neither filed a waiver of citation nor entered a general appearance in the proceedings.  On August 16, 2012, the trial court granted Davis's motion and vacated the November 2011 order.  The Attorney General filed a new suit which resulted in the default order at issue in this appeal.

---

[1] That order was rendered under a different trial court cause number.  Although the clerk's record of that cause number is not included in the appellate record of this appeal, Davis includes several documents from that cause in the appendix to his brief, and we take judicial notice of those and other documents filed under that cause.  *See* TEX. R. EVID. 201(c), (f); *Tello v. Bank One, N.A.*, 218 S.W.3d 109, 113 n.4 (Tex. App.---Houston [14th Dist.] 2007, no pet.) (taking judicial notice of pleadings included in appellate record for another appeal in same trial court case).  We also note that the Attorney General does not dispute the facts recited by Davis in his brief, and recites similar facts in a letter brief filed at our request.  *See* TEX. R. APP. P. 38.1(g).

## II. JURISDICTION

Following submission of this appeal, we questioned the trial court's jurisdiction to render the appealed order. Specifically, we questioned whether the trial court properly vacated the 2004 order six years after it was rendered when nothing reflected the order was void as a result of the trial court lacking jurisdiction over the parties or subject matter, lacking jurisdiction to render judgment, or lacking capacity to act as a court. We directed the parties to file letter briefs addressing our concern, and both complied.

### A. Applicable Law

Whether a trial or appellate court has jurisdiction is a threshold inquiry the appellate court may address sua sponte at any time. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). A trial court's subject matter jurisdiction over an initial child custody suit is governed by section 152.201 of the Texas Family Code. Under that section, a Texas state court has jurisdiction over the suit if the child lived in Texas with a parent for at least six consecutive months immediately before the commencement of the proceeding. *See* TEX. FAM. CODE ANN. § 152.201(a)(1) (West 2014); *In re Marsalis*, 338 S.W.3d 131, 135 (Tex. App.--Texarkana 2011, orig. proceeding).

Once the trial court has rendered a final judgment or order in a custody suit, it retains jurisdiction to vacate that final judgment or order for thirty days after the judgment or order is signed. *See* TEX. R. CIV. P. 329b(d); *Lane Bank. Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000). If an appropriate post-judgment motion is timely filed, the trial court's plenary power to vacate the judgment is extended up to an additional seventy-five days depending on when and whether the trial court acts on the motion. TEX. R. CIV. P. 329b(c),(e); *Lane Bank*, 10 S.W.3d at 310. Once the trial court loses its plenary power, it has jurisdiction to vacate only a void order or judgment; all other actions are a nullity. *See Alfonso v. Skadden*, 251

S.W.3d 52, 55 (Tex. 2008); *Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995). A judgment or order is void when the court rendering the judgment or order had no jurisdiction of the parties or subject-matter, no jurisdiction to enter the judgment, or no capacity to act as a court. *Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005); *Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990).

An appellate court's jurisdiction over the merits of a case extends no further than that of the trial court from which the appeal is taken. *See Dallas Cnty. Appraisal Dist. v. Funds Recovery, Inc.*, 887 S.W.2d 465, 468 (Tex. App.-–Dallas 1994, writ denied). If the trial court lacked jurisdiction, the appellate court lacks jurisdiction to address the merits of the appeal and may only determine if the order or judge underlying the appeal is void and make appropriate orders based on that determination. *See Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 623 (Tex. 2012); *Funds Recovery*, 887 S.W.2d at 468.

*B. Application of Law to Facts*

The record here reflects the trial court rendered a default order establishing the parent-child relationship between Davis and A.K.A. on October 4, 2004. No post-judgment motion was filed following rendition of that order, and the trial court's plenary power to vacate the order expired thirty days later. *See* TEX. R. CIV. P. 329b(d); *Lane Bank*, 10 S.W.3d at 310. Six years later, the trial court vacated the 2004 order based on Davis's motion asserting the trial court lacked subject matter jurisdiction because no genetic testing results excluding A.K.A.'s presumed father were admitted into evidence as required by section 160.631 of the family code. Although Davis characterized this omission as jurisdictional in the trial court and here, it is not. Subject matter jurisdiction in a child custody case is governed by section 152.201 of the family code, not section 160.631 as suggested by Davis. *See* TEX. FAM. CODE ANN. § 152.201(a)(1); *Marsalis*, 338 S.W.3d at 135. That the trial court may have adjudicated Davis as A.K.A.'s father

–4–

without the admission of the testing results might have been error, but it did not deprive the trial court of subject matter jurisdiction. Because no dispute exists that A.K.A. and his mother lived in Texas for at least six consecutive months before the suit affecting the parent-child relationship was filed, the trial court had subject matter jurisdiction over the cause, and the order was not void. *See* TEX. FAM. CODE ANN. § 152.201(a)(1); *Prostok*, 165 S.W.3d at 346. Because the order was not void, the trial court had no jurisdiction to vacate it, render any other orders establishing paternity, or vacate any orders subsequently establishing paternity. Accordingly, we declare the appealed order, the August 16, 2012 order vacating the November 30, 2011 nunc pro tunc order, the November 30, 2011 nunc pro tunc order, the August 26, 2011 default order and the July 30, 2010 order vacating the 2004 default order void. This leaves intact as the final order in this case the October 2004 default order adjudicating Davis as A.K.A.'s father.

### III. CONCLUSION

Because our jurisdiction extends no further than that of the trial court, and the trial court lacked jurisdiction, we, too lack jurisdiction over the merits of this case, and dismiss the appeal. *See Freedom Commc'ns*, 372 S.W.3d at 623; *Funds Recovery*, 887 S.W.2d at 468.

130640F.P05

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF A. K.A., A CHILD

No. 05-13-00640-CV

On Appeal from the 301st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DF-12-11022.
Opinion delivered by Justice Lang. Justices
Moseley and Francis participating.

In accordance with this Court's opinion of this date, we **VACATE** the following trial court orders in trial court cause number DF-02-19527: (1) the July 30, 2010 "order vacating and setting aside default order establishing the parent-child relationship and terminating order/notice of withholding," (2) the August 26, 2011 "default order establishing the parent-child relationship," (3) the November 30, 2011 "nunc pro tunc default order establishing the parent-child relationship," and (4) the August 16, 2012 "order in motion to vacate void order establishing the parent-child relationship and to withdraw wage withholding order." We further **VACATE** the November 14, 2012 "default order establishing the parent-child relationship" in trial court cause number DF-12-11022. We **REINSTATE** the trial court's October 4, 2004 "default order establishing the parent-child relationship" in trial court cause number DF-02-19527 and **DISMISS** the appeal.

Judgment entered this 6th day of August, 2014.