# NO. 12-09-00193-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MICHAEL MARC MOORE,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW* |
| *TOWER SPECIALISTS, INC.,*<br>*APPELLEE* | § | *NACOGDOCHES COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Appellee, Tower Specialists, Inc., has filed a motion to dismiss this appeal for want of jurisdiction. Appellant, Michael Marc Moore, has filed a response asserting that this court has jurisdiction of the appeal. After considering Tower's motion and Moore's response, we grant Tower's motion and dismiss the appeal for want of jurisdiction.

Moore initially attempted to appeal the trial court's judgment in this case by filing a notice of appeal on May 11, 2009. Because the notice of appeal was untimely, we dismissed the appeal for want of jurisdiction. *See **Moore v. Tower Specialists, Inc.***, No. 12-09-00139-CV, 2009 WL 1314161 (Tex. App.–Tyler May 13, 2009, no pet.) (mem. op.). Then, on May 20, 2009, Moore filed in the trial court a "Motion to Vacate and Modify and Correct Original Judgment" (the "motion to modify") based upon the erroneous spelling of his middle name in Tower's pleadings. The trial court granted the motion on May 26, 2009 and entered a "Modified and Corrected Judgment against Defendant Michael Marc Moore. . . ." Moore contends that the trial court signed the modified and corrected judgment before its plenary power expired, and therefore his notice of appeal in this second appeal, filed on June 25, 2009, is timely. Consequently, he concludes, this court has jurisdiction of the appeal.

We first note that Moore's motion to modify was untimely because it was filed on May 20, 2009, more than thirty days after the date the first judgment was signed (January 12, 2009). *See* TEX. R. CIV. P. 329b(g) (motion to modify, correct, or reform judgment is governed by times prescribed for motion for new trial); TEX. R. CIV. P. 329b(a) (if filed, motion for new trial must be filed prior to or within thirty days after judgment complained of is signed). However, Moore's motion for new trial, filed on February 11, 2009, was timely. *See* TEX. R. CIV. P. 329b(a). The trial court signed an order overruling the motion for new trial on April 30, 2009. But the motion for new trial was overruled by operation of law on March 30, 2009. *See* TEX. R. CIV. P. 329b(c) (motion for new trial considered overruled by operation of law on expiration of seventy-five days after judgment signed if not determined by written order signed within that time).[1] Accordingly, the trial court's plenary power was extended until April 29, 2009, thirty days after the motion for new trial was overruled by operation of law. *See* TEX. R. CIV. P. 329b(a); TEX. R. CIV. P. 329b(e) (if any party files timely motion for new trial, regardless of whether appeal has been perfected, trial court has plenary power to grant new trial or vacate, modify, correct, or reform judgment until thirty days after overruling of all such timely filed motions by written and signed order or by operation of law, whichever occurs first); TEX. R. CIV. P. 329b(c) (motion for new trial not determined by written order signed within seventy-five days after judgment signed is overruled by operation of law on expiration of that period).

Texas Rule of Civil Procedure 329b prescribes the circumstances under which the appellate deadlines will restart after a trial court modifies its judgment. Rule 329b(g) relates to when a party files a motion to modify, correct, or reform the judgment, while rule 329b(h) relates to when a trial court makes a change "in any respect" without a request by a party.[2] *See* TEX. R. CIV. P. 329(b), (g); *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 313 (Tex. 2000). In either circumstance, the appellate timetable restarts only if the judgment is modified before the trial

---

[1] March 30, 2009 is actually the seventy-seventh day after the January 12, 2009 judgment was signed. The seventy-fifth day after the judgment was signed was a Saturday (March 28, 2009). The first day after the seventy-fifth day that was not a Saturday or Sunday was March 30, 2009. *See* TEX. R. CIV. P. 4.; *Long John Silver's Inc. v. Martinez*, 850 S.W.2d 773, 776 (Tex. App.–San Antonio 1993, writ dism'd w.o.j.) (applying rule 4 to calculate when motion for new trial was overruled by operation of law).

[2] The Texas Supreme Court has held that "only a motion seeking a substantive change will extend the appellate deadlines and the court's plenary power under rule 329b(g)." *Lane Bank Equip.*, 10 S.W.3d at 313.

2

court's plenary power expires. Here, Moore filed his "Motion to Vacate and Modify and Correct Original Judgment" on May 20, 2009, twenty-one days after the trial court's plenary power expired. Therefore, the trial court's subsequent modification of its judgment also occurred after its plenary power had expired. Consequently, the modified judgment had no effect on the appellate deadlines. *See* TEX. R. CIV. P. 329(b), (g); ***Lane Bank Equip.***, 10 S.W.3d 313. As such, Moore's notice of appeal, which was due not later than April 13, 2009 but filed on June 25, 2009, was untimely and did not invoke the jurisdiction of this appeal. Accordingly, Tower's motion to dismiss is granted, and the appeal is ***dismissed for want of jurisdiction***.

 BRIAN HOYLE
Justice

Opinion delivered September 16, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

3