# IN THE SUPREME COURT OF TEXAS

════════════
No. 13-0597
════════════

PLAINS EXPLORATION & PRODUCTION COMPANY, PETITIONER,

v.

TORCH ENERGY ADVISORS INCORPORATED, RESPONDENT

════════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FIRST DISTRICT OF TEXAS
════════════════════════════════════════════════

JUSTICE JOHNSON, dissenting.

The Court holds that the 1996 purchase and sale agreement between Torch Energy Advisors Incorporated and Plains Exploration & Production Company's predecessor in interest divests Torch of the right to any proceeds from the *Amber* judgment. ___ S.W.3d ___. *See Amber Res. Co. v. United States*, 68 Fed. Cl. 535, 560 (2005) (*Amber I*), *aff'd*, 538 F.3d 1358 (Fed. Cir. 2008) (*Amber II*). I disagree that the contract unambiguously transferred the claim underlying the judgment to Plains. I would affirm the judgment of the court of appeals.

## I. The Agreement is Ambiguous

As the Court recognizes, our objective in construing contracts is to ascertain the true intent of the parties, which we primarily do by looking to the language they used. ___ S.W.3d ___ (citing *Moayedi v. Interstate 35/Chisam Rd., L.P.*, 438 S.W.3d 1, 7 (Tex. 2014)). "A contract is *not* ambiguous if [its] language can be given a certain or definite meaning" or interpretation. *Id.* (citing *El Paso Field Servs., L.P. v. MasTec N. Am., Inc.*, 389 S.W.3d 802, 806 (Tex. 2012) (emphasis

added)). But a contract *is* ambiguous if the language is subject to two or more reasonable interpretations, creating a fact issue with regard to the parties' intent. *Id.* Whether a contract is ambiguous is a legal question for the Court, even if the parties maintain that it is not ambiguous. *See Dynegy Midstream Servs., L.P. v. Apache Corp.*, 294 S.W.3d 164, 168 (Tex. 2009).

The parties in this case argue that the agreement unambiguously determines who owns the disputed proceeds from the *Amber* judgment (proceeds)—they just differ on whom that is. The dispute focuses on two sections of the agreement. Section 1.2(b) specifies that among the assets classified as "Excluded Assets" are the following:

> [A]ll claims and causes of action of [Torch] (i) arising from acts, omissions or events, or damage to or destruction of property, occurring prior to the Effective Date, (ii) arising under or with respect to any of the Contracts that are attributable to periods of time prior to the Effective Date (including claims for adjustments or refunds) . . . .

Torch asserts ownership of the proceeds, at least in part, on the basis that Section 1.2(b) includes the claims underlying the *Amber* judgment in "Excluded Assets" for two reasons. First, they arose from acts or events occurring before the effective date of October, 1995, so they come within Section 1.2(b)(i). Second, they arose "under or with respect to" lease contracts "attributable to periods of time prior to the Effective Date (including claims for adjustments or refunds)." In contrast, Plains argues that the claims and rights arose from acts occurring long after the transfer so they were not excluded assets. The Court agrees with Plains, concluding that the terms "arising from," "arising under or with respect to," and "attributable to" "unambiguously require a pre-effective date causal nexus that does not exist in the present case." ___ S.W.3d at ___. I disagree.

2

As the court of appeals explained, the meaning of the word "claims" in the excluded assets section reasonably could include both contingent and existing claims. *Torch Energy Advisors Inc. v. Plains Exploration & Prod. Co.*, 409 S.W.3d 46, 56 (Tex. App.—Houston [1st Dist.] 2013). I agree. A claim is a claim, unless the parties intend the word to mean something different as reflected by the word's context or by the use of modifying language such as "existing" or "known." Here neither is demonstrated. To the contrary, in Section 1.2(b) "claims" is modified by the word "[a]ll," which both portrays the intent of the parties and gives context by including claims causally connected to events and actions taking place before the effective date.

The Court focuses on the phrases "arising from," "arising under or with respect to," and "attributable to," which it says are dispositive. ___ S.W.3d at ___. Without explaining how it determines what the parties intended the terms to mean in *this* contract, it says such language requires a substantial-factor relationship between the *Amber* judgment and the acts or events that produced it, and only post-effective date acts and events have such a relationship. *Id.* at ___.

Torch asserts, however, that "arising from" and "arising under" require simply some causal relationship and the claim underlying the *Amber* recovery "arose from" the original bonus payments and the Coastal Zone Management Act amendments that were before the effective date.

The Court cites three cases in which this Court has interpreted "arising out of" broadly to require only a causal connection, consistent with Torch's interpretation. ___ S.W.3d at ___. The Court does not consider these cases as making Torch's reading of "arising from" reasonable because there were policy considerations in those cases (such as reading a contract in favor of arbitration) that tipped the scales toward a liberal construction. *Id.* But even taking policy considerations and

3

"liberal construction" into account, the interpretation of the phrases in those cases still had to be reasonable. *See, e.g.*, *Utica Nat'l Ins. Co. of Tex. v. Am. Indem. Co.*, 141 S.W.3d 198, 202 (Tex. 2004) ("The court must adopt the construction of an exclusionary clause urged by the insured as long as that construction is not unreasonable . . . ."). Although I agree with the Court that Plains's interpretation of "arising from" is reasonable, reading Section 1.2(b) consistently with Torch's view of the language is also reasonable. The fact that there are two reasonable interpretations renders the section ambiguous. *See El Paso Field Servs.*, 389 S.W.3d at 806 (providing that a contract is ambiguous if it is subject to two or more reasonable interpretations).

The Court also concludes that Torch's reading of the language to include a broad causation standard is unreasonable when viewed in context. The Court points to section 1.2(g), which provides that the agreement excludes transfer to Plains of "all proceeds, income or revenues . . . attributable to . . . the Properties for any period prior to the Effective Date." ___ S.W.3d at ___. "Attributable to," in this context, the Court says, cannot mean "but for" causation because every pre-conveyance event, in some way, would be attributable to post-conveyance proceeds. *Id.* at ___. I do not necessarily agree with that statement, but regardless of what either the Court or I think, the parties chose the language of the contract and nothing in the contract indicates they intended "attributable to" in section 1.2(g) to mean the same thing as "arising from" and "arising under" in section 1.2(b).

Moreover, setting out an "effective date" to clarify the division of assets and claims the transferring party retained from those it transferred is an accepted method—if not *the* accepted method—for doing that. And reading the language of Section 1.2(b) as a whole and in context, Torch's position that the agreement did just that is reasonable. Nevertheless, when both parties

4

advance reasonable interpretations of the language, the language is ambiguous despite their obvious attempt to make it clear, and what the parties intended it to mean must be decided by a factfinder. *See Grohman v. Kahlig*, 318 S.W.3d 882, 887 (Tex. 2010) ("If the contract is ambiguous, the parties' intent is a question of fact for the jury."). And while Torch argues that Section 1.2(g) also reserved to it the rights underlying the *Amber* judgment payments, even construing "attributable to" to mean that Section 1.2(g) did not reserve those rights, the contract remains ambiguous regarding whether the rights were an excluded asset under Section 1.2(b).

To repeat, the question before us is what the *parties* intended the words to mean when they entered the agreement. *See Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 321 (Tex. 2000) ("When we construe a contract or deed, we say what the parties intended by the language they agreed to."). I agree with the court of appeals that the agreement is subject to being interpreted either of two reasonable ways. Therefore, it is ambiguous as to whether the rights underlying the *Amber* judgment were excluded from the assets transferred by the agreement, and the case should be remanded for a factfinder to determine the parties' intent.

## II. Conclusion

The agreement is ambiguous regarding ownership of the disputed proceeds. Thus, I would affirm the judgment of the court of appeals remanding the case to the trial court. Because the Court does not do so, I respectfully dissent.

_____
Phil Johnson
Justice

**OPINION DELIVERED:** June 12, 2015