COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON


ORDER ON MOTION

Appellate case name:        Orion Real Estate Services Southeast, LLC v. SP Jefferson Lakes I, LP

Appellate case number:    01-18-00659-CV

Trial court case number:   1098447

Trial court:              County Civil Court at Law No. 1 of Harris County

On September 27, 2018, appellee, SP Jefferson Lakes I, LP, filed a motion to dismiss this appeal for want of jurisdiction, contending that appellant's May 23, 2018 motion to set aside default judgment did not extend the time to file a notice of appeal because there was no default judgment. Thus, appellee asserts that appellant's July 23, 2018 notice of appeal was untimely filed more than 30 days after the order granting defendant's motion for summary judgment was signed on May 2, 2018.

On October 9, 2018, appellant, Orion Real Estate Services Southeast, LLC, filed an opposition contending that, although its motion to set aside default judgment did not "furnish grounds for vacating a default judgment rather than a summary judgment," it was filed within the 30-day deadline for "motions for new trial" and argued that "[a] new trial in this case will neither occasion delay nor prejudice Plaintiff, because the trial date is set for later this month." Thus, appellant argues that its motion to set aside default judgment was a motion to modify the judgment because it sought a substantive change, which extended its time to file a notice of appeal. *See Lane Bank Equip. Co. v. Smith So. Equip., Inc.*, 10 S.W.3d 308, 314 (Tex. 2000).

"Any 'timely filed postjudgment motion that seeks a substantive change in an existing judgment qualifies as a motion to modify under Rule 329b(g) [of the Texas Rules of Civil Procedure], thus extending the trial court's plenary jurisdiction and the appellate timetable.'" *Kaminetzky v. Newman*, No. 01-10-01113-CV, 2011 WL 6938536, at \*2 (Tex. App.—Houston [1st Dist.] Dec. 29, 2011, no pet.) (mem. op.) (quoting *Lane Bank Equp. Co.*, 10 S.W.3d at 314) (holding that timely motion to vacate judgment qualified as motion for new trial or motion to modify judgment because it sought to vacate judgment and grant new trial, thus extending time for notice of appeal). Because appellant's May 23, 2018

motion to set aside default judgment was a timely postjudgment motion that sought a substantive change in the May 2, 2018 order granting defendant's motion for summary judgment by seeking a new trial, it was a motion to modify the judgment that extended its time to file a notice of appeal for 90 days until July 31, 2018, making its July 23, 2018 notice of appeal timely. *See* TEX. R. APP. P. 26.1(a)(2); *Lane Bank Equp. Co.*, 10 S.W.3d at 314. Accordingly, the Court **DENIES** appellee's motion to dismiss the appeal.

      It is so ORDERED.

Judge's signature: /s/ Laura C. Higley

        ☑ Acting individually    ☐ Acting for the Court

Date: October 16, 2018