

# Fourth Court of Appeals
## San Antonio, Texas

October 6, 2020

No. 04-20-00340-CV

**IN THE INTEREST OF A.R., JR., A CHILD,**

From the 293rd Judicial District Court, Zavala County, Texas
Trial Court No. 18-03-14124-ZCV
Honorable Maribel Flores, Judge Presiding

## O R D E R

Sitting:      Irene Rios, Justice
             Beth Watkins, Justice
             Liza A. Rodriguez, Justice

A review of the clerk's record has caused us to question our jurisdiction over this appeal. This is an appeal from a final order terminating appellant's parental rights. It is accelerated in nature. *See* TEX. FAM. CODE § 263.405(a) (providing that appeals from final orders in parental termination cases are accelerated and governed by the rules for accelerated appeals; TEX. R. APP. P. 28.1(a) (stating appeals are accelerated when required by statute). The trial court signed the final order terminating appellant's parental rights on May 13, 2019.[1] Because this is an accelerated appeal, appellant's notice of appeal was due on or before June 2, 2019. *See* TEX. R. APP. P. 26.1 (stating in an accelerated appeal the notice of appeal must be filed within 20 days after the judgment or order is signed). A motion for extension of time to file the notice of appeal was due on June 17, 2019. *See* TEX. R. APP. P. 26.3 (providing an appellate court may extend the time to file a notice of appeal if, within 15 days after the deadline for filing the notice of appeal, the party files the notice of appeal and a motion in the appellate court).

Appellant did not file his notice of appeal until June 10, 2019. Although appellant filed his notice of appeal within the fifteen-day grace period allowed by Rule 26.3, he did not file a motion for extension of time. A motion for extension of time is necessarily implied when an

---

[1]The trial court signed an amended order terminating appellant's parental rights on June 25, 2019; however, because the amended order was signed after the trial court's plenary power expired, the amended order is a nullity. *See* TEX. R. CIV. P. 329b(d) (providing the trial court has plenary power to vacate, modify, correct, or reform a judgment within thirty days after the judgment is signed); *Lane Bank Equip. Co. v. Smith So. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000) (recognizing a trial court retains plenary power to change its judgment for thirty days after signing a final judgment); *see also State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995) ("Judicial action taken after the court's jurisdiction over a cause has expired is a nullity.").

appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1 but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (construing the predecessor to Rule 26). However, to satisfy Rule 26.3, an appellant must provide a reasonable explanation for his failure to file his notice of appeal in a timely manner. *See id.*; TEX. R. APP. P. 26.3.

We, therefore, ORDER appellant to file, **no later than twenty-one (21) days** from the date of this order, a response presenting a reasonable explanation for appellant's failure to file his notice of appeal in a timely manner. **If appellant fails to respond within the time provided, this appeal will be dismissed.**

Our August 5, 2020 order setting deadlines for designating the reporter's record and for filing appellant's brief is WITHDRAWN. Appellant's motion for extension of time to file his brief is DENIED AS MOOT. In the event this appeal is retained on the court's docket, a new deadline for filing appellant's brief will be set.

Irene Rios, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 6th day of October, 2020.

MICHAEL A. CRUZ,
Clerk of Court