**Dissenting Opinion on Order filed November 4, 2021.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00885-CV

---

### KENNARD LAW, P.C., Appellant

### V.

### AL DAVIDSON; AMERICAN POSTAL WORKERS UNION, ALF-CIO, LOCAL 185; DEA ALBERTSON; COREY JASPER; BARBARA VAUGHNS; AND DIANN SCURLARK, Appellees

---

**On Appeal from the 61st District Court
Harris County, Texas
Trial Court Cause No. 2019-11524**

---

## DISSENTING OPINION ON ORDER

A notice of appeal was filed on November 1, 2019 by Leslie Taylor and Kennard Law, P.C. The notice of appeal identifies the appealable order as the October 2, 2019 order denying (1) a bill of review[1] and (2) a motion for

---

[1] The bill of review was not filed—as equitable bills of review should be—as a petition in an independent suit under a different cause number in the court that rendered the original default judgment. *See* Tex. R. Civ. P. 329b(f); *see e.g.*, *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924,

reconsideration,[2] filed by Taylor on September 9, 2019. The October 2, 2019 order refers to a July 18, 2019 order granting a motion for attorney's fees, court costs, and sanctions filed by defendants and appellees: Al Davidson; American Postal Workers Union, ALF-CIO, Local 185; Dea Albertson; Corey Jasper; Barbara Vaughns; and Diann Scurlark. In that appealable order, the court awarded defendants attorney's fees, court costs, and sanctions against plaintiff Taylor and plaintiff's attorney, Alfonso Kennard, Jr.[3]

This court on July 23, 2020 dismissed Taylor for want of prosecution in a seemingly interlocutory order, leaving Kennard Law, P.C. as the only remaining party claiming to be an appellant. This court, however, correctly points out that Kennard Law Firm, P.C. is not a party to the order denying the underlying bill-of-review proceeding. The court neither discusses the fact that Taylor was the only bill-of-review petitioner, nor acknowledges that the trial court on October 2, 2019 had no plenary power to grant reconsideration of the July 18, 2019 order.

---

926–27 (Tex. 1999); *Alexander v. Hagedorn*, 226 S.W.2d 996 (Tex. 1950). The bill-of-review petitioner was Taylor. Taylor's motion does argue that the trial court erred in issuing sanctions against plaintiff's counsel and that plaintiff's counsel enjoys qualified immunity, but the petitioner was solely Taylor.

[2] A motion for reconsideration is not a term used in the Texas Rules of Civil Procedure, but in practice is essentially a motion for new trial. In the Texas Rules of Appellate Procedure, a party adversely affected by the appellate court's order may request the court to reconsider the order. Tex. R. App. P. 10.3(b).

[3] On July 1, 2019, the trial court granted defendants' May 1, 2019 motion to dismiss, but the order did not contain *Lehmann v. Har-Con Corp.* finality language. *See* 39 S.W.3d 191, 206 (Tex. 2002). The May 1, 2019 motion to dismiss requested that "the Court dismiss Taylor's claims with prejudice Texas Civil Practice & Remedies Code Chapter 27 and render judgment in their favor. Defendants further respectfully request that, following dismissal, the Court schedule a hearing to award them court costs and reasonable attorneys' fees under Texas Civil Practice & Remedies Code §27.009(a)(1)." It appears that the final judgment in the underlying case is the July 18, 2019 order granting a motion for attorney's fees, court costs, and sanctions, but even if that were not correct and the final judgment was signed on July 1, 2019, the July 18, 2019 order would still be appealable. *See Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 314 (Tex. 2000) (citing Tex. R. Civ. P. 329b(g)).

2

I do not understand why the court would allow a nonparty to the bill-of-review petition to file an amended notice of appeal. What could that possibly accomplish? I would give notice of an involuntary dismissal for want of jurisdiction as it appears there is no proper appellant left in this appeal after Taylor's dismissal. *See* Tex. R. App. P. 42.3.

I respectfully dissent to the court's order allowing Alfonso Kennard, Jr., a nonparty to the bill-of-review proceeding, to file an amended notice of appeal.


/s/     Charles A. Spain
        Justice

Panel consists of Justices Bourliot, Zimmerer, and Spain (Bourliot, J., majority).