**Dismissed and Opinion filed August 30, 2022.**



In The

# Fourteenth Court of Appeals

### NO. 14-20-00680-CV

## DAVID SHELLER, Appellant

### V.

## GOLDSTEIN FAUCETT AND PREBEG, LLP; CP WINDUP, LLP F/K/A CLEARMAN PREBEG, LLP; PREBEG FAUCETT & ABBOTT, LLC; CHRISTOPHER FAUCETT, INDIVIDUALLY; STEPHEN ABBOTT, INDIVIDUALLY; MATTHEW PREBEG, INDIVIDUALLY; NEWTON SCHWARTZ, INDIVIDUALLY; AND NBS ACQUISITIONS CORP., Appellees

**On Appeal from the 151st District Court**
**Harris County, Texas**
**Trial Court Cause No. 2016-77743**

## O P I N I O N

In five issues, David Sheller challenges a modified final judgment rendered by the trial court which assessed monetary sanctions against Sheller for his conduct during the course of his representation of Carl Sousa, personal representative of the Estate of Elizabeth Betty Jean Wilwerding in an arbitration proceeding as well as

in the trial court. We conclude the modified final judgment was signed outside of the trial court's plenary power and is void. Therefore, we dismiss this appeal.

## I. BACKGROUND

David Sheller represented Sousa in filing suit against Goldstein Faucett and Prebeg, LLP; CP Windup, LLP f/k/a Clearman Prebeg, LLP; Prebeg Faucett & Abbott, LLC; Christopher Faucett, individually; Stephen Abbott, individually; Matthew Prebeg, individually; Newton Schwartz, individually; and NBS Acquisitions Corp. (the IP attorneys) in Harris County district court in 2016. On the motion of the IP attorneys, the case was referred to arbitration pursuant to the contingency-fee agreement between Betty Wilwerding, Schwartz, and Goldstein, Faucett & Prebeg, LLP (the law firm at which Faucett practiced at the time) and subsequently ratified by Sousa.[1]

After a lengthy and contentious arbitration proceeding, the arbitrator issued an award in March 2020 which determined Sousa did not prove any of her claims against the IP attorneys and should take nothing on her claims. The award also determined that CP Windup, Schwartz, and NBS Acquisitions successfully proved their counterclaims against Sousa and assessed attorney's fees against Sousa, as well as costs and expenses pursuant to AAA rules. The trial court confirmed the award on the submission of the parties' motions and rendered a final take-nothing judgment on Sousa's claims on May 4, 2020. Sousa filed a motion for new trial (as well as a supplemental motion for new trial), which the trial court denied less than two weeks later.

---

[1] The factual background underlying Sousa's claims is addressed in detail in her appeal of the trial court's final judgment, confirming the arbitration award. *Sousa v. Goldstein Faucett and Prebeg, LLP, et. al*, No. 14–20–00484–CV (Tex. App.—Houston [14th Dist.] July 28, 2022, no pet. h.). Sousa is the daughter of Betty Wilwerding. After Wilwerding's death, Sousa served as the personal representative of her mother's estate.

On May 29, 2020, the IP attorneys filed a motion for sanctions asking the trial court to sanction Sheller for his repeated and "extreme" abuse of the judicial system. The trial court granted the IP attorneys' motion and signed an order granting the motion for sanctions and rendering a modified final judgment. Sheller now appeals the modified final judgment.

## II. ANALYSIS

Sheller argues on appeal that: (1) the modified final judgment is void because it violates the one-judgment rule; (2) the modified final judgment is void because it was signed after plenary power expired; (3) the trial court erred by awarding sanctions against Sheller after the arbitrator refused to award sanctions; (4) the sanctions award was not supported by factually- and legally-sufficient evidence; and (5) the trial court abused its discretion in awarding substantial sanctions against Sheller "in the absence of evidence that the sanctions imposed are no more severe than necessary to satisfy their legitimate purpose."

We begin with Sheller's issue 2 because it is dispositive of our jurisdiction and this appeal. Though Sousa filed a motion for new trial, potentially extending plenary power through July 18, 2020, the trial court denied Sousa's motion for new trial on May 18, 2020. *See* Tex. R. App. P. 26.1(a)(1). Therefore, the trial court's plenary power ended on June 18, 2020, unless the IP attorneys' motion for sanctions further extended plenary power. *See* Tex. R. Civ. P. 329b(e). Because the motion for sanctions was filed within 30 days of the final judgment, it extended plenary power only if the motion can be construed as a motion to modify within the meaning of Rule 329b(g). *See* Tex. R. Civ. P. 329b(g). If it cannot be construed as a motion to modify, plenary power expired before the trial court signed the modified final judgment.

For thirty days after signing the judgment, a trial court has plenary power to

3

vacate it, to modify or correct it, or to grant a new trial. *See* Tex. R. Civ. P. 329b. If within that time a party files a motion for a new trial or a motion to vacate, modify, correct, or reform the judgment, then the trial court's plenary power is extended for thirty days after the last such motion is expressly or implicitly overruled. *Id.* "[T]he filing of a motion for new trial, Tex. R. Civ. P. 329b(e), or a motion to modify, correct or reform the judgment, Tex. R. Civ. P. 329b(g), within the initial thirty-day period extends the trial court's jurisdiction over its judgment up to an additional seventy-five days, depending on when or whether the court acts on the motions." *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000); *see* Tex. R. Civ. P. 329b(c).

In *Lane*, the supreme court concluded that a motion for sanctions can be construed to extend plenary power if that motion, on its face, is a motion to modify, correct, or reform the existing judgment within the meaning of Rule 329b(g). 10 S.W.3d at 312. The motion for sanctions in *Lane* specifically sought the rendition of a new final judgment therefore was a motion to modify the judgment. *Id.* at 310. However, the court in *Lane* considered that a motion for sanctions that does not seek a substantive change in the judgment should not be construed as a motion to modify within the meaning of Rule 329b(g).[2] *See id.* at 314 ("a timely filed postjudgment motion that seeks a substantive change in an existing judgment qualifies as a motion to modify under Rule 329b(g)"); *see also id.* at 319 (Hecht, J., concurring) ("The Court adds, however, that if the motion had not expressly requested a change in the judgment itself, but had merely requested sanctions that could have been imposed by a separate order, the motion would not have extended the court's plenary power or the appellate timetable.").

---

[2] A judgment does not have to resolve pending sanctions issues or motions to be final. *Lane*, 13 S.W.3d at 312.

4

This court has previously considered whether a postjudgment motion for sanctions can be construed as a motion to modify the judgment. *See Mann v. Kendall Home Builders Constr. Partners I, Ltd.*, 464 S.W.3d 84, 89 (Tex. App.— Houston [14th Dist.] 2015, no pet.). In *Kendall Home Builders*, the party seeking sanctions filed a postjudgment motion for sanctions that did not include an explicit request for the trial court to render a new final judgment; however, the proposed order specifically included relief that sought a change in the existing judgment. *Id.* at 90.[3] This court concluded that the motion for sanctions could be construed as a motion to modify, although the award of sanctions was ultimately reversed, and judgment was rendered denying sanctions. *Id.* at 97. Following precedent in *Lane* and *Kendall Home Builders*, the determination of whether a postjudgment motion for sanctions can be construed as a motion to modify the judgment is fact-specific. Therefore, we turn to the motion filed by the IP attorneys.

The IP attorneys' motion for sanctions does not specifically request a change or modification to the final judgment as was requested in *Lane*. Neither does the proposed order submitted with the motion contain relief in the form of a modified judgment. The IP attorneys' proposed order does not seek judgment with respect to the sanctions as the movant did in *Kendall Home Builders*. On its face, there is nothing included within the motion or the accompanying proposed order which

---

[3] One of our sister courts has also had the opportunity to consider the issue. In *Cocke v. Elliot*, the Third Court of Appeals concluded in an memorandum opinion that even though a motion for sanctions did not explicitly request sanctions be incorporated in the judgment "this was plainly the legal effect and gravamen of [the] motion, whether or not appellees said so, and we reject Cocke's attempt to elevate form over substance." No. 03-12-00667-CV, 2013 WL 4821123, at *7 (Tex. App.—Austin Aug. 27, 2013, pet. denied) (mem. op.). *Cocke* does not appear to be consistent with *Lane* to the extent it removes the requirement that the motion for sanctions connect the relief requested to a change in the final judgment in order to be considered a motion to modify within the meaning of Rule 329b(g). In any event, *Cocke* is distinguishable from the facts before us as the IP attorneys' motion for sanctions does not make clear that the legal effect of their motion was to request a change in the final judgment.

would suggest that the IP attorneys sought a modification to the final judgment.

The IP attorneys argue in response that their motion for sanctions did seek a substantive change to the final judgment. Specifically, the IP attorneys refer to language in the motion for sanctions which states: "Movants submit that it is only fair that Sheller bear the burden of this award along with his client[.]" The IP attorneys also point to their proposed order which requests the following relief: "David L. Sheller be and hereby is SANCTIONED and ORDERED to pay to Defendants the sum of $2,057,169.41 – with, and/or in lieu of, Plaintiff, for those attorneys' fees and costs already awarded the Defendants against Plaintiff."[4]

Civil Practice and Remedies Code chapter 10 governs sanctions that may be imposed on a "person, a party represented by the person, or both" for filing frivolous pleadings and motions. Tex. Civ. Prac. & Rem. Code Ann. § 10.004(a). A sanction may include: (1) a directive to the violator to perform, or refrain from performing, an act; (2) an order to pay a penalty to the court; and (3) an order to pay to the other party the amount of the reasonable expenses incurred by the other party because of the filing of the pleading or motion, including reasonable attorney's fees. *Id.* § 10.004(b). Because an award of sanctions might result in a stand-alone order or it might result in a modification to the final judgment, it is important that a motion for sanctions, *on its face*, indicate whether it seeks a modification of the final judgment. *Lane*, 10 S.W.3d at 312, 314. The language relied on by the IP attorneys does not, on its face, identify any substantive change that it seeks to make to the judgment. The proposed order accompanying the motion for sanctions seeks alternative relief in the form of sanctions "with, and/or

---

[4] The IP attorneys also cite language from the modified final judgment signed on July 13, 2020 to support their claim that the motion for sanctions was a motion to modify the judgment. Though the trial court clearly intended to modify the final judgment, the trial court's intent does not determine whether the trial court had plenary power to act.

in lieu of, Plaintiff." Without a specific request for the modification of the judgment, a stand-alone order of sanctions would address a request that Sheller be sanctioned "with" Sousa, and the legal effect of the motion does not necessitate a modification to the judgment. Therefore, we conclude the IP attorneys' motion for sanctions was not a motion to modify the judgment within the meaning of Rule 329b(g). Therefore, the modified final judgment was signed outside plenary power and is void.

## III.  CONCLUSION

The trial court's signing of the modified final judgment was void. *See* Tex. R. Civ. P. 329b(f). Although appellate courts do not have jurisdiction to address the merits of appeals from void orders or judgments, they do have jurisdiction "to determine that the order or judgment underlying the appeal is void and make appropriate orders based on that determination." *Freedom Commc'ns., Inc. v. Coronado*, 372 S.W.3d 621, 623–24 (Tex. 2012).[5] We dismiss this appeal for lack of subject-matter jurisdiction.


/s/  Charles A. Spain
Justice

Panel consists of Justices Wise, Spain, and Hassan.

---

[5] Mandamus is proper if a trial court issues an order beyond its jurisdiction. *In re Southwestern Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (per curiam) (orig. proceeding). The trial court may also sign an order declaring a previous judgment or order to be void due to the expiration of plenary power. *See* Tex. R. Civ. P. 329b(f).

7