**Dissenting Opinion Filed February 6, 2024.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00983-CV**

**IN THE INTEREST OF C.K.M., A CHILD**

**On Appeal from the 354th Judicial District Court**
**Hunt County, Texas**
**Trial Court Cause No. 91555**

## DISSENTING OPINION
Opinion by Justice Pedersen, III

The majority finds, as a matter of law, that the trial court "clearly and unequivocally" intended to enter a final judgment when, in response to the Department's notice of non-suit, the trial court's "Order on Motion to Terminate Temporary Order for Required Participation in Services Pursuant to Texas Family Code § 264.203(t)" stated "this cause is hereby dismissed." I am not convinced that this order is clearly and unequivocally final on its face. But even if it could be read to be final, I believe any final aspects of the order were vacated when the trial court— while it had plenary power over this case—consolidated it with another pending case.

## The Order Is Not Clearly and Unequivocally Final

On October 23, 2023, this Court sent a letter to counsel of record advising them that this Court would set aside the September 29, 2023 sanctions order (entered by the trial court following the rendition of the August 21, 2023 "Order on Motion to Terminate Temporary Order for Required Participation in Services Pursuant to Texas Family Code § 264.203(t)") and dismiss the appeal "unless, no later than November 2, 2023, a party files a letter brief demonstrating that the order is not void and the appeal should not be dismissed." This letter itself noted that the:

> record reflects the underlying cause was dismissed August 21, 2023, following a hearing. The next day, the trial court consolidated cause number 90115 into the underlying cause, and on September 29, 2023, the trial court signed the appealed sanctions order.

The letter also suspended the deadline for filing the reporter's record. Counsel for the parents responded; the Department did not.

The Texas Supreme Court has said a judgment is final either if "it actually disposes of every pending claim and party" or if "it clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001); *see also Bella Palma, LLC v. Young*, 601 S.W.3d. 799, 801 (Tex. 2020). A clear and unequivocal statement of finality must be "given effect" even if review of the record would undermine finality. *Lehmann*, 39 S.W.3d at 206. Intent to render a final judgment is demonstrated by a "clear indication that the trial court intended the order to completely dispose of the entire case." *Id.* at 205. "If the appellate court is uncertain about the intent of the order, it can abate the appeal

to permit clarification by the trial court." *Id.* at 206. Although no "magic language" is required, a trial court may express its intent to render a final judgment by describing its action as (1) final, (2) a disposition of all claims and parties, and (3) appealable. *In re R.R.K.*, 590 S.W.3d 535, 543 (Tex. 2019) (citing *Lehmann*, 39 S.W.3d at 206). I understand this test to mean that if a trial judge says, clearly and unequivocally, that she intends the judgment to be final, it is final for purposes of appellate review. Of course, the trial judge may be wrong, but the clear and unequivocal expression of the trial court's intentions provides an appellate court with jurisdiction to determine if the trial court is correct. If any doubt exists, Texas law allows two options: (1) abate the appeal and remand to permit clarification by the trial court, or (2) review of the record. *See Lehmann*, 39 S.W.3d at 206.

Texas jurisprudence contains many examples of statements that, standing alone, cannot satisfy the clear-and-unequivocal standard. On its own, merely stating that the order is "final" is not enough. *Id.* at 203–05; *see also Patel v. Nations Renovations, LLC*, 661 S.W.3d 151, 155 (Tex. 2023) (per curiam). Stating that the order is "appealable" is also not enough when standing alone. *Lehmann*, 39 S.W.3d at 203–05. Including a Mother Hubbard clause that "all relief not granted is denied" is not enough by itself. *Id.* at 203–04. To determine what are sufficient indicia of finality, the Texas Supreme Court opined that "there must be some other clear indication that the trial court intended the order to completely dispose of the entire

–3–

case." *Id.* at 205. The question then becomes how this "clear indication" standard can be satisfied.

The majority acknowledges that the dismissal order was signed following the Department's voluntary nonsuit of its petition for temporary services and petition for termination, that the parents' motions for sanctions were pending and set to be heard at a later date, and that the parents had both filed counter-petitions.[1]

The Order in question is entitled "Order on Motion to Terminate Temporary Order for Required Participation in Services Pursuant to Texas Family Code § 264.203(t)." The Texas Family Code provides that "the department may file a suit" requiring the parent, managing conservator, guardian, or other member of the child's household to participate in services, or to permit the child and any siblings to receive services. TEX. FAM. CODE ANN. § 264.203(a)(1), (2). This section also provides that a court "shall terminate the order on finding the order is no longer needed." *Id.* § 264.203(t). No other entity or individual (for example the parents in this case) is authorized to seek affirmative relief under this Family Code provision; only "the department" may file such a suit. That is to say, if the title of the order has any meaning, then the parents' requested relief could not have been resolved, and the

---

[1] Texas Rule of Civil Procedure 162, "Dismissal or Non-suits," states in relevant part: "Any dismissal pursuant to this rule shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief," and "A dismissal under this rule shall have no effect on any motion for sanctions, attorneys' fees or other costs, pending at the time of dismissal." TEX. R. CIV. P. 162.

order is not a final judgment. The majority ignores this part of the order we are reviewing for finality.

In response to this Court's October 23, 2023 letter, commonly referred to as a "jurisdiction letter," counsel for the parents provided not only the response described in the majority's opinion, but also copies of what appears to be the reporter's record. Counsel, as an officer of the Court, and in direct response to this Court's request for "a letter brief demonstrating that the order is not void and the appeal should not be dismissed," provided what this Court apparently would have received in the normal course, absent our unilateral cancellation of its production. (It seems the record was produced despite our cancellation.) The putative reporter's record reflects a clear intention by the trial court not to dismiss the entire cause. However, the majority takes the position that, in light of paragraph 2.4 in the dismissal order, no doubt exists as to the trial court's clear and unequivocal intention to dispose finally of all claims of all parties.

The "Order on Motion to Terminate Temporary Order for Required Participation in Services Pursuant to Texas Family Code § 264.203(t)" does not state it is final. *See In re R.R.K.*, 590 S.W.3d at 543 (citing *Lehmann*, 39 S.W.3d at 206). It does not explicitly dispose of "all claims and parties." *Id.* It does not state that it is appealable. *Id.* The order did not follow a conventional trial on the merits. In my view, it neither "actually disposes of every pending claim and party" nor "clearly and unequivocally states that it finally disposes of all claims and all parties."

–5–

The trial court could have reasonably assumed that this Court would at least consider the title of the order in our analysis. The trial court could also have reasonably assumed that—given the procedural posture and timing of the Department's motion, i.e., in direct response to the parents' motion for sanctions—the plain language of Rule 162 concerning pending claims for affirmative relief and motions for sanctions would be given force and effect.

The "Order on Motion to Terminate Temporary Order for Required Participation in Services Pursuant to Texas Family Code § 264.203(t)" signed August 23, 2023, does not, in my view, clearly and unequivocally indicate that the trial court intended to completely dispose of the entire case; instead, it indicates only that the trial court intended to resolve the Department's affirmative claims. Perhaps I am wrong, and the trial court did intend, notwithstanding contrary indicators, to resolve all claims of all parties and to dismiss the entire case.[2] If that is so, the trial court may simply say so. If not, however, what does it cost us to be sure?

**A Final Order Could Not Survive Consolidation**

Even if the "Order on Motion to Terminate Temporary Order for Required Participation in Services Pursuant to Texas Family Code § 264.203(t)" could be read as the majority reads it, I believe any final aspects of the order were undone, or vacated, when the trial court consolidated this case with another pending case the following day.

---

[2] Of course, we aren't at all uncertain; we know the trial court intended no such thing.

When actions that involve a common question of law or fact are pending before the court, it may order those actions consolidated. TEX. R. CIV. P. 174(a). A plaintiff's suit does not end with rendition of a final order or judgment. Instead, the suit remains pending in the court until all issues have been determined, final judgment has been rendered, and all post-judgment motions have been disposed of. *Thomas v. Oldham*, 895 S.W.2d 352, 356 (Tex. 1995); *In re Guthrie*, 45 S.W.3d 719, 728 (Tex. App.—Dallas 2001, pet. denied). Accordingly, this suit remained pending in the trial court the day after the "Order on Motion to Terminate Temporary Order for Required Participation in Services Pursuant to Texas Family Code § 264.203(t)" was signed, and the suit was subject to consolidation. *See* TEX. R. CIV. P. 174(a).

Likewise, on the following day, the trial court retained plenary power over the case with the power to change any ruling it had previously made. *See* TEX. R. CIV. P. 329b(d). Therefore, if the trial court had intended the "Order on Motion to Terminate Temporary Order for Required Participation in Services Pursuant to Texas Family Code § 264.203(t)" to be final, it retained the power "to vacate, modify, correct, or reform" that order to allow the parties and their issues to continue to resolution. *See id.*; *see also Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000). And if—as the record indicates—the trial court never intended the "Order on Motion to Terminate Temporary Order for Required Participation in Services Pursuant to Texas Family Code § 264.203(t)" to be final, it retained the power to vacate any final aspect of that order by signing another order

that indicated it intended the suit to continue in the trial court. If indeed the trial court could unintentionally make its order final by using language of finality in an otherwise interlocutory order, it could also unintentionally revive the case by consolidating it with another case so that the parties and issues in the merged cases—including the parents' claims and sanctions motion in this case—could proceed thereafter as one suit. *See Dillon ex rel. Estate of Culpepper v. King*, No. 05-20-00215-CV, 2022 WL 1401403, at \*6 (Tex. App.—Dallas May 4, 2022, no pet.) (mem. op.); *see also Amir-Sharif v. Cadieux*, No. 05-14-01055-CV, 2015 WL 1346154, at \*1 (Tex. App.—Dallas Mar. 25, 2015, no pet.) (mem. op.). "After consolidation all issues of law and fact are merged." *Amir-Shariff*, 2015 WL 1346154, at \*1.

The trial court ordered suits to be consolidated while it had plenary power to do so. I would conclude that action revived the suit in the trial court if it had indeed —for a period of one day—been rendered final.

## Conclusion

The Supreme Court of Texas "has never wavered from the principle that appellate courts should not dismiss an appeal for a procedural defect whenever any arguable interpretation of the Rules of Appellate Procedure would preserve the appeal." *Verburgt v. Dorner*, 959 S.W.2d 615, 616 (Tex. 1997). Based on this record, we should do more to try to reach the merits of this appeal. *See In re A.C.T.M.*, No. 23-0589, 2023 WL 9007803, at \*4 (Tex. Dec. 29, 2023) (per curiam).

Initially, I would either (1) abate and remand this case so the trial court can clarify whether the August 21, 2023 order was intended to be final, or (2) review the record. Alternatively, I would conclude that the trial court's consolidation of this suit with another pending case served to vacate any final aspects of that order, confirming its interlocutory status. Because the majority does not, I respectfully dissent.

230983df.p05

/Bill Pedersen, III/

BILL PEDERSEN, III
JUSTICE